FILED

2022 Feb-24  PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **EDWARD E. WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 5:21-cv-0424-LCB** |
| | ) | |
| **KOHLER CO.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Edward E. Williams, proceeding *pro se*, filed a complaint against Kohler, his former employer, and several other Kohler employees in which he alleged racial discrimination in violation of Title VII of the Civil Rights Act of 1964.  (Doc. 1). Williams filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on December 15, 2020.  On January 8, 2021, the EEOC determined that it would not proceed further with its investigation and issued Williams a right-to-sue notice.  (Doc. 1 at 5).  On March 22, 2021, Williams filed his complaint in this Court.

Before the Court are motions to dismiss filed by Kohler (Doc. 6), Joe Bastow, Jack Bryant, Debra Gray, and Jason Scales (Doc. 8), and Whit Satterfield and Kris Tuttle (Doc. 21).  The Court will address the motions in turn.

### I.  Background

In his complaint, Williams, who is a black man, stated that he began working for Kohler in 2003, most recently as a maintenance crew leader. Williams said that in 2020, he was assigned a new supervisor, defendant Jack Bryant, a white man. On or about June 22, 2020, Williams said that he was called into a meeting with Bryant in which Bryant voiced displeasure with how certain work was being done by Williams's crew. Bryant allegedly told Williams to have his crew perform the work a different way. Williams stated that, although he disagreed with Bryant's instructions, he did as he was told even though his crew protested and threatened to leave the job. According to Williams, Bryant "commented on how he thought I was not a good crew leader." (Doc. 1 at 6).

On June 24, 2020, Williams spoke with defendant Jason Scales, Bryant's supervisor. Williams claimed that he told Scales about the meeting with Bryant and stated that he believed Bryant behaved unprofessionally. Scales allegedly indicated to Williams that he would speak with Bryant. However, Williams was reprimanded a few days later and suspended from June 27, 2020, to June 30, 2020, due to alleged insubordination. Williams believed that the company was supposed to conduct an investigation but, he said, no investigation happened, and Williams's witnesses were never contacted. Instead, Williams was terminated on July 7, 2020.[1]

---

[1] Williams claimed that, although he was fired on July 7, 2020, he attempted to purchase prescription medication before that date and was told that his health insurance had been canceled effective June 26, 2020.

As noted, Williams filed an EEOC charge of discrimination on December 15, 2020, and was issued a right-to-sue notice on January 8, 2021, after EEOC determined that it would not proceed any further. He filed his complaint in this Court on March 22, 2021. The Clerk issued summonses to all defendants on June 22, 2021, and the record reflects that they were all delivered via certified mail on June 28, 2021. (Doc. 5). Kohler has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. (Doc. 6). Defendants Joe Bastow, Jason Scales, Jack Bryant, and Debra Gray have also moved to dismiss under Rule 12(b)(5) but also moved under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. 8). Defendants Kris Tuttle and Whit Satterfield moved to dismiss under Rule 12(b)(6) for various reasons. (Doc. 21). The Court will address each motion in turn.

## II. Kohler's Motion to Dismiss

Kohler moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5), because, it says, Williams failed to properly and timely serve the complaint. A motion to dismiss brought pursuant to Rule 12(b)(5) tests the sufficiency of service of process. *See* Fed. R. Civ. P. 12(b)(5). When a defendant contests the sufficiency of service, the plaintiff bears the burden of proving proper service. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc*., 635 F.2d 434, 435 (5th Cir. 1981). "Valid service of process is a prerequisite for a federal court to assert personal jurisdiction over a defendant." *See Laster v. City of Albany, Georgia,*

*Water, Gas & Light Co*., 517 F. App'x 777 (11th Cir. 2013). But a defendant can waive his objection to insufficient service of process by failing to challenge service under Federal Rule of Civil Procedure 12. *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs*., 553 F.3d 1351, 1360 (11th Cir. 2008). Federal Rule of Civil Procedure 12(b)(5) permits a party to move to dismiss a complaint for insufficient service of process as long as the party objecting to service does so in his first responsive pleading. Fed. R. Civ. P. 12(b)(5); *Hemispherx Biopharma, Inc*., 553 F.3d at 1360. Kohler raised this issue in its first responsive pleading and has not waived its objection.

According to Kohler, Williams failed to properly effect service of process under Fed. R. Civ. P. 4(h), which governs service on a corporation, partnership, or association. Rule 4(h)(1) provides:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant ....

Fed. R. Civ. P. Rule 4(e)(1) provides for serving an individual within a judicial district of the United States and directs that a person may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"  Under the Alabama Rules of Civil Procedure, service of process shall be made "[u]pon a domestic or foreign corporation or upon a partnership, limited partnership, limited liability partnership, limited liability company, or unincorporated organization or association, *by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law* to receive service of process."  Ala. R. Civ. P. 4(c)(6)(emphasis added).

In its motion, Kohler alleged that Williams's summons and complaint was not addressed to either a managing or general agent, or any agent authorized by appointment or by law to receive service of process.  Rather, the record reflects that it was addressed only to "Kohler Co" and was sent to the company's physical address.  Kohler claims that the person who signed the return receipt was not authorized to accept service of process.  Kohler also asserted that information about its registered agent for service of process is accessible to the general public on the Alabama Secretary of State's website.

Kohler also points out that the summons and complaint were served on June 28, 2021, 98 days after the complaint was filed on March 22, 2021.  Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within *90 days* after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

According to Kohler, Williams's complaint is also due to be dismissed as untimely under Rule 4(m).

As noted, the Court does not obtain personal jurisdiction over a defendant who has not been properly served with process.  *See Hemispherx Biopharma v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008)("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.").  The Eleventh Circuit has held that when a defendant moves to dismiss under Fed. R. Civ. P. 12(b)(5), the burden is on the plaintiff to prove that the person who signed for the summons was authorized.  *Reeves v. Wilbanks*, 542 F. App'x 742, 746 (11th Cir. 2013), citing *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981)("When service of process is challenged, [the plaintiff] must bear the burden of establishing its validity.").

In an attempt to meet his burden, Williams filed a response to Kohler's motion to dismiss in which he urged the Court to allow the case to proceed and stated: "From 6/1/2021 till now[,] I have been over whelmed (sic) with bad news, missed representation, and COVID cases." (Doc. 18, at 1). Although not specific, this response could be construed as an excuse for Williams's delay in serving his complaint. However, Williams did not offer adequate reasons for his failure to address Kohler's summons to the proper individual.

In the same response, Williams went on to state: "To address the service of documents to the defendants, not knowing there (sic) home address, I knew they all would get the documents here at work, and as we can see with their response, they all received there (sic) summons." (Doc. 18 at 2). This response appears to be in reference to the individual defendants' allegations of insufficient service of process and does not meet Williams's burden to show that the person who signed for Kohler's summons was authorized to do so.

Rule 4 requires district courts to "extend the time for service for an appropriate period" when "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). But, "[g]ood cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll County Com'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). In this case, Williams's failure to address the summons to the proper individual was not based on

"some outside factor."  Williams offered no assertions in his response to indicate that his failure to properly address the summons was nothing more than negligence or inadvertence on his part.  Further, Williams's *pro se* status does not exempt him from the requirement to perfect service because "once a pro se [] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  Accordingly, Williams has not carried his burden to show that service was proper or that good cause exists to excuse his failure.  Consequently, the Court lacks personal jurisdiction over Kohler and its motion to dismiss is due to be granted.

The Court also notes that Williams's complaint, even if it had been properly served, does not appear to state a claim for racial discrimination.  Although Williams asserts that he is black and at least one of his supervisors is white, he asserted no additional facts to suggest that his race was a factor in his termination.  As noted above, Williams asserted that he was fired after he complained to his supervisor's boss about his supervisor's alleged unprofessionalism.  Even accepting every factual allegation in his compliant to be true, Williams failed to state a claim for racial discrimination under Title VII.

## III.   The Individual Defendants' Motions to Dismiss

All but two of the individual defendants made the above argument regarding insufficient service of process.  Kris Tuttle and Whit Satterfield also alleged that

Williams did not exhaust his administrative remedies with respect to them. However, the Court need not address those issues because, even if Williams properly served the individual defendants and exhausted his administrative remedies, his claims against them are due to be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

The individual defendants correctly asserted that Title VII does not provide for individual liability. *See* (Docs. 9 and 21). The Eleventh Circuit has held:

> [A] plaintiff may not bring a Title VII claim against an employer's agent in his or her individual capacity. *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)(holding that "individual capacity suits under Title VII are . . . inappropriate"); *see also Cross v. Alabama Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir. 1995)(affirming the *Busby* holding in an action brought after the 1991 amendments to Title VII; holding that liability under Title VII is limited to official-capacity actions).

*Moss v. W & A Cleaners*, 111 F. Supp. 2d 1181, 1186 (M.D. Ala. 2000). Williams's complaint names Joe Bastow, Jason Scales, Jack Bryant, Debra Gray, Whit Satterfield, and Kris Tuttle as defendants in their individual capacities. Because Title VII does not provide for individual liability in cases such as this one, all claims against these individual defendants are due to be dismissed.

## IV. Conclusion

For the foregoing reasons, Kohler's motion to dismiss (Doc. 6) is **GRANTED**; Joe Bastow's, Jack Bryant's, Debra Gray's, and Jason Scales's motion to dismiss (Doc. 8) is **GRANTED**; and Whit Satterfield's and Kris Tuttle's motion

to dismiss (Doc. 21) is **GRANTED**.  This case is hereby **DISMISSED WITHOUT PREJUDICE** as to Kohler and **DISMISSED WITH PREJUDICE** as to the remaining defendants.  A separate order will be entered.

      **DONE** and **ORDERED** February 24, 2022.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE